IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,360






EX PARTE JAMES HOWARD FITCH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

IN CAUSE NO. 930419-A IN THE 176TH DISTRICT COURT

FROM HARRIS COUNTY



 

 Per curiam.


 O P I N I O N



 This is a post-conviction application for a writ of habeas corpus forwarded 

to this Court pursuant to Tex.Code Crim.Proc. art. 11.07, §3, et seq.. Applicant was convicted of
the felony offense of aggravated assault, and punishment was assessed at confinement for five years. 
Applicant's direct appeal was dismissed for want of jurisdiction. Fitch v. State, No. 14-03-915-CR
(Tex. App.- Houston (14th Dist.), delivered September 11, 2003, mo.pet.).

 Applicant contends that he was denied his right to appeal. Tex.Code Crim.Proc art. 26.04
(j) (2), requires appointed counsel to "represent the defendant until charges are dismissed, the
defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties or replaced by
other counsel[.]" The duty to perfect an appeal attaches whether counsel is appointed or retained. 
See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to
appeal, counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel. Habeas corpus relief is granted and
Applicant is granted an out-of-time appeal from his conviction in cause number 930419 from the
176th District Court of Harris County. The proper remedy in a case such as this is to return Applicant
to the point at which he can give notice of appeal. For purpose of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this
Court has issued.




DO NOT PUBLISH

DELIVERED: March 22, 2006